UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN TRICE, #364067,

        Petitioner,

v.

        Case Number 1:18-cv-11324
        Honorable Thomas L. Ludington

TONY TRIERWEILER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Michigan prisoner Benjamin Trice ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to assault with intent to commit murder and was convicted of possession of a weapon during the commission of a felony ("felony firearm") following a jury trial in the Wayne County Circuit Court. He was sentenced to consecutive terms of five to fifteen years imprisonment and two years imprisonment in 2007. In his petition he raises claims concerning the controlling sentencing guidelines, the voluntariness of his plea, and improper advice by trial counsel.

**I.**

Petitioner's convictions arise from the shooting of Paul Green following a confrontation over Petitioner's alleged harassment of Green's young niece. *People v. Trice*, No. 277293, 2008 WL 3979289, *1 (Mich. Ct. App. Aug. 26, 2008) (unpublished decision on appeal of felony firearm conviction). Petitioner was charged with two counts of assault with intent to commit murder and felony firearm. At trial, the trial court granted a directed verdict in Petitioner's favor

on one of the assault charges. The jury was unable to reach a verdict on the other assault charge, and the jury convicted Petitioner of felony firearm. Petitioner subsequently pled guilty on the remaining assault charge. *Id*. at *1, n. 1. On March 28, 2007, the trial court sentenced Petitioner to five to fifteen years imprisonment on the assault conviction and a consecutive term of two years imprisonment on the felony firearm conviction. *Id.*

Following sentencing, Petitioner filed an appeal of right from his felony firearm jury conviction with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel and the length of his sentence. The court denied relief on the ineffective assistance of counsel claim, but remanded for correction of the judgment of sentence to reflect the proper jail credit. *Id.* at *1-2. Petitioner did not further appeal to the Michigan Supreme Court. Petitioner also filed a separate delayed application for leave to appeal his assault with intent to murder guilty plea conviction with the Michigan Court of Appeals raising claims concerning the voluntariness of his plea, the effectiveness of trial counsel, and the sentencing guidelines range. Pet., p. 2. The court denied the application for lack of merit in the grounds presented. *People v. Trice*, No. 284530 (Mich. Ct. App. May 14, 2008). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Trice*, 484 Mich. 863, 769 N.W.2d 685 (Aug. 6, 2009). On March 22, 2010, Petitioner filed a motion for relief from judgment with the trial court, which was denied on September 30, 2010. *See* Register of Actions, *People v. Trice*, No. 06-011918-01-FC (Wayne Co. Cir. Ct.). Petitioner did not appeal to the Michigan appellate courts.

Petitioner signed and dated the instant federal habeas petition on April 19, 2018.[2]

---

[2]Petitioner filed two prior habeas petitions in federal court in July, 2010. The first petition was dismissed for failure to correct a deficiency. *See Trice v. Booker*, No. 2:10-CV-12902 (E.D.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the one-year time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

---

Mich. Sept. 8, 2010). The second petition was dismissed as duplicative of the first case. *See Trice v. Michigan Dep't. of Corr.*, No. 2:10-CV-12954 (E.D. Mich. Aug. 17, 2010).

"[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006). Petitioner's felony firearm conviction became final in 2008, and his assault conviction became final in 2009. Even accounting for the tolling of the time period during which his motion for relief from judgment was pending in the state trial court in 2010, the one-year period expired well before Petitioner filed the instant federal habeas petition in April, 2018. Accordingly, the Court entered an order directing Petitioner to show cause why the petition should not be dismissed as untimely. ECF No. 5. Petitioner responded to the show cause order on July 11, 2018. ECF No. 6. In his response, Petitioner addressed a variety of issues seemingly related to the merits of his petition, but does not address the untimeliness of his petition.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The fact that he is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Moreover, any difficulties he had in proceeding on his claims on direct appeal or collateral review in the state courts does not justify or excuse his failure to timely file his habeas petition in federal court. Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland.*

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual

innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED** as untimely.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 13, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager